# United States Court of Federal Claims

No. 19-0125
Filed: February 15, 2019

| | |
|---|---|
| LEONARD D. FUQUA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ORDER

On January 22, 2019, plaintiff, Leonard D. Fuqua, proceeding *pro se*, filed a Complaint with this Court. In his Complaint against the United States, plaintiff alleges that the United States District Court for the Northern District of Illinois, Eastern Division ("District Court"), failed to comply with the Federal Rules of Civil Procedure in the adjudication of a separate proceeding. Complaint (hereinafter "Compl.") at 2. Previously, plaintiff filed a request for default judgment in a separate *pro se* proceeding regarding back-pay and severance pay in the District Court. Compl. at 1. The District Court denied plaintiff's request because the defendant made an appearance in the case, rendering default judgment inappropriate. Compl. at 5.

In his Complaint, plaintiff alleges that the District Court violated his rights when it failed to comply with the Federal Rules of Civil Procedure by denying plaintiff's request for default judgment. Compl. at 2. Plaintiff requests that this Court award him a default judgment in the amount of $179,276.55, with costs and interest accrued to date from February 8, 2013, as well as any and all relief deemed proper by this Court. Compl. at 5. Additionally, plaintiff filed a Motion for Leave to Proceed *in forma pauperis* on January 22, 2019.

This Court's authority to hear cases is primarily set forth by the Tucker Act, which grants the Court of Federal Claims subject-matter jurisdiction over claims brought against the United States that are grounded on a money-mandating source of law and do not sound in tort. 28 U.S.C. § 1491(a)(1). Rule 12(h)(3) of the Rules of the Court of Federal Claims ("RCFC") states that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." RCFC 12(h)(3). Furthermore, it is well settled that the Court of Federal Claims does not have jurisdiction to review the decisions of state courts and district courts. *See Allustiarte v. United States*, 256 F.3d 1349, 1352 (Fed. Cir. 2001) (explaining that the Court of Federal Claims does not have jurisdiction over district court appeals); *Rohland v. United States*, 136 Fed. Cl. 55, 66–67 (Fed. Cl. 2018) (explaining that the Court of Federal Claims does not have jurisdiction over any appeals).

Plaintiff attempts to impute legal liability upon the United States for an alleged wrongful application of law in a federal court. Compl. at 1. Therefore, plaintiff's Complaint is, in essence, an appeal. Judicial decisions, however, can only be reviewed by the appropriate appellate court. *Rohland,* 136 Fed. Cl. at 66–67. Therefore, this Court lacks the subject-matter jurisdiction necessary to adjudicate plaintiff's claims.

As the Court of Federal Claims has no jurisdiction to hear appeals from other courts, the Court has no choice but to dismiss it. Upon *sua sponte* review, this Court finds that plaintiff's allegations do not give rise to any cause of action for which this Court has subject-matter jurisdiction. This Court has no authority to decide plaintiff's case, and therefore must dismiss the Complaint pursuant to RCFC 12(h)(3).

For the reasons set forth above, plaintiff's Complaint is hereby **DISMISSED**, *sua sponte*, pursuant to RCFC 12(h)(3). Additionally, plaintiff's Motion for Leave to Proceed *in forma pauperis* is **GRANTED**. The Clerk of Court is hereby directed to take the necessary steps to dismiss this matter.

**IT IS SO ORDERED.**

Loren A. Smith, Senior Judge